UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLARENCE MCNAIR, ) 3:16-cv-00487-MMD-WGC
)
    Plaintiff, ) **ORDER**
)
  vs. )
)
L. BERG, )
)
    Defendant. )
_____)

    Before the court is Plaintiff's First Motion to Exclude Case from Mediation (ECF No. 7).

    The history of this case reflects the court screened Plaintiff's complaint and allowed Plaintiff's retaliation, excessive force, and failure to protect claims to proceed against Defendant Berg. (ECF No. 5 at 7.) The court ordered a ninety-day stay on further filings and directed the parties to participate in a settlement conference. The court indicated it would refer the case to the court's Inmate Early Mediation Program. In the meantime, Plaintiff's obligation to pay the $350.00 filing fee, either in full or in installments if Plaintiff was granted *in forma pauperis* status, was stayed.

    The court's screening order, however, allowed a party to seek to remove the case from the inmate mediation program. (*Id*. at 8.) Plaintiff filed a timely request to exclude the case from the Inmate Mediation Program. (ECF No. 7.) Plaintiff's rationale is that Plaintiff requests his case be exempt from the mediation program "because Plaintiff has reasently (sic) attended at least 3 different early mediation conferences for 3 different lawsuits, and all three mediations were completely counter productive." (*Id.* at 1.)

/ / /

/ / /

In the court's extensive experience with the mediation and settlement conference process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Certainly not all of the "unsettle-able" cases settled, but many do. One fact that is fairly undisputable is that if the parties do *not* at least undertake a settlement dialogue, the case will most definitely *not* settle.

Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental defendants, the discussions may shed light on potentially errant policies, decisions, procedures or activities and possibly allow corrective action to be undertaken. And from the standpoint of an inmate Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims. In either event, it cannot be overlooked that an early settlement of an inmate's case allows him to avoid immediately incurring the expense of the $350.00 filing fee which would otherwise have to be paid to the court if the case were to proceed in the absence of mediation.

Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the court's screening order (ECF No. 5).[1]

Plaintiff's First Motion to Exclude Case from Mediation (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 23, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also a maxim of successful settlement conferences that a party not come to negotiations with a preconceived notion of a "bottom line" or a "top dollar" figure. In that regard, Plaintiff's identification of a demand number well in advance of the mediation (ECF No. 7 at 2) and prior to hearing Defendant's version of the facts is counterproductive.