UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CLARENCE MCNAIR, | Case No. 3:16-cv-00487-MMD-WGC |
|---|---|
| Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |
| v. | |
| L. BERG, | |
| Defendant. | |

**I.    SUMMARY**

Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R"). (ECF No. 25.) In the R&R, entered on February 22, 2018, the Magistrate Judge addressed Defendant L. Berg's motion for summary judgment ("Motion"). (ECF No. 19.) The filings before the Magistrate Judge included Plaintiff's response to the Motion (ECF No. 23) and Defendant's reply (ECF No. 24). The Magistrate Judge recommends denying Defendant's Motion. The Court has reviewed Defendant's objection. (ECF No. 26.) For the reasons discussed below, the Court agrees with the Magistrate Judge, and will accept and adopt the R&R in its entirety.

**II.   BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") proceeding pro se with this action, pursuant to 42 U.S.C. § 1983. (ECF No. 6.) At all relevant times, Plaintiff was housed at the Northern Nevada Correctional Center ("NNCC"). (*Id.*)

On screening, Plaintiff was allowed to proceed with a claim for retaliation, related

to a complaint Plaintiff filed pursuant to the Prison Rape Elimination Act ("PREA"), under the First Amendment (ECF No. 5.) The screening order also allowed Plaintiff to proceed on his claim for excessive force and failure to protect under the Eighth Amendment. (*Id.*) Further background regarding Plaintiff's allegations is included in the R&R.

## III. LEGAL STANDARDS

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Defendant's objection to the Magistrate Judge's R&Rs, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to do so.

## B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of

a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.     DISCUSSION**

Defendant sought summary judgment on the basis that Plaintiff failed to properly exhaust his administrative remedies. The Magistrate Judge found that Plaintiff was not required to exhaust the administrative remedies along the ordinary timeline because the timeline was suspended. (ECF No. 25 at 5.) Additionally, the Magistrate Judge found that Defendant improperly rejected Plaintiff's grievance filings based on the form of Plaintiff's submission. (*Id.*) Having undertaken *de novo* review of the matter, this Court agrees with the Magistrate Judge's findings.

The Prison Litigation Reform Act of 1996 ("PLRA"), codified as 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "exhaustion requirements applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). A defendant must plead and prove a plaintiff's failure to exhaust pursuant to the PLRA as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 204 (2007).

As Defendant notes, the PLRA requires "proper exhaustion." (ECF No. 19 at 5-6.) Proper exhaustion means that a prisoner must use "all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90-91.

Defendant's paramount argument is that Plaintiff did not properly exhaust his administrative remedies because Plaintiff did not timely file his first level grievance. (ECF No. 19 at 6.) Defendant denied Plaintiff's first level grievance for the additional reason that, according to Defendant, Plaintiff needed to attach prior grievance documentation and responses. (*Id.* at 2-3; ECF No. 19-3 at 4; *see also* ECF No. 26 at 7.) Likewise, Defendant

4

denied Plaintiff's second level grievance for the additional reason that Plaintiff did not file a proper first level grievance. (ECF No. 19 at 2-3; ECF No. 26 at 7.)

The pertinent grievance process is set forth in NDOC's current Administrative Regulations ("AR") 740. (ECF No. 19-1.) An inmate "may" use the AR 740 grievance procedures "to resolve addressable inmate claims." (*Id.* at 3.) If an inmate chooses to avail himself of the grievance process, that inmate is required to attempt informal resolution (AR 740.04). (*Id.* at 5.) If the inmate is unable to informally resolve his issue, the inmate must timely file an informal level grievance, in accordance with the timeframe associated with his issue (AR 740.05). (*Id.* at 5-6.) An inmate's informal grievance must be responded to within forty-five days from the date the grievance coordinator receives the grievance, and the inmate must file an appeal to such a response within five days of its receipt (AR 740.05.12). (*Id.* at 8.) The inmate may appeal to a first level grievance, and if his appeal fails at that level, the inmate may undertake a second level grievance appeal (*see* AR 740.06, 740.07). (*Id.* at 8-10.) However, under AR 740.05.11.B, if an inmate's matter, as here, pertains to staff misconduct, and if the matter is referred to the Inspector General for review after the inmate files his informal grievance, the grievance procedure and timeline are suspended. (*Id.* at 7.) The suspension remains until the inmate receives a disposition from the Inspector General's office (AR 740.05.11.B). (*Id.* at 7-8.)

Here, Plaintiff filed his first level grievance on June 1, 2016, stating that he had filed his informal grievance on January 20, 2016, and as of June 1, 2016, the prison had not responded. (ECF No. 19-3 at 5; ECF No. 23 at 17-19.) In a response to Plaintiff's informal grievance, Plaintiff had been advised that "the matter was being referred to the Inspector General's office for further review." (ECF No. 19-3 at 2; ECF No. 23 at 2.) Plaintiff also submitted a second level grievance on July 5, 2016. (ECF No. 19-3 at 12.)

In his objection to the R&R, Defendant agrees with the Magistrate Judge that the timeline for Plaintiff to file his first level grievance was suspended. (ECF No. 26 at 8.) Nonetheless, Defendant argues that Plaintiff still failed to timely comply with the grievance process because the Inspector General's office responded on May 4, 2016. (*Id.*) This May

4 response is a newly introduced fact that Defendant seeks to support with an exhibit Defendant introduces for the first time in this matter. (*Compare* ECF Nos. 19-1, 19-2, 19-3, 19-4 *with* ECF No. 26-1.)

This Court will disregard the newly introduced evidence. *See U.S. v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (ruling that a district court need not consider supplemental evidence introduced for the first time in a party's objection to a magistrate judge's recommendation, but must expressly exercise its discretion not to do so). The R&R details that based on the record before the Magistrate Judge, the Magistrate Judge could not "discern . . . whether or when Plaintiff received a disposition from the Inspector General's Office so as to determine if administrative remedies were available or unavailable to him at the time he filed the action [in federal court]." (ECF No. 25 at 6.)

This Court finds that the record is only ambiguous as to when—not whether—Plaintiff received a response from the Inspector General's office because Plaintiff's first level grievance filing indicated Plaintiff had received a response. (*See* ECF No. 19-3 at 5.) However, the ultimate burden of proof as to the timing of the Inspector General's response remained with Defendant. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) ("[T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."). Defendant failed to meet this burden before the Magistrate Judge. Accordingly, this Court agrees with the Magistrate Judge's finding based on the records presented in connection with Defendant's Motion.

The Court now turns to the matter regarding the form of Plaintiff's first level filing. After reviewing the issue, the Court agrees with the Magistrate Judge that the pertinent AR regulation does not specifically advise the inmate to include the prior grievance documentation and any response. *See* AR 740.06.2 (stating only that at the first level an inmate should attach "[a]ny additional relevant documentation"). Accordingly, this Court also finds that Defendant improperly denied Plaintiff's first level grievance, and by extension Plaintiff's second level grievance, because Plaintiff did not attach prior grievance documentation and responses.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion and objection before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 25) is adopted and accepted in full.

It is further ordered that Defendant's motion for summary judgment (ECF No. 19) is denied.

DATED THIS 12th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE